UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHARLOTTE E. NICHOLAS,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.,

    Defendant.
_____/

# COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, CHARLOTTE E. NICHOLAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CENTRAL CREDIT SERVICES, INC., is a corporation and citizen of the State of Florida with its principal place of business at #500, 9550 Regency Square Boulevard, Jacksonville, Florida 32225.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on her residential telephone on or about the dates stated:

> June 24, 2009
> This message is for Charlotte Nicholas. This is Jennifer Jason. I'm calling in reference to an important matter I need your attention on. This is not a solicitation. I need you to contact me back at 888-500-4750. 888-500-4750. Before I give full disclosure of the call, that number is 888-866-6484.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

2

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14. Plaintiff incorporates Paragraphs 1 through 13.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16. Plaintiff incorporates Paragraphs 1 through 13.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III
### TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

18. Plaintiff incorporates Paragraphs 1 through 13.

19. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See <u>Sanchez v. Client Servs</u>., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

20.    Plaintiff incorporates Paragraphs 1 through 13.

21.    Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name and that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

  e. Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22. Plaintiff incorporates Paragraphs 1 through 13.

23. By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit;

  c. declaring that Defendant's practices violate the FCCPA;

  d. permanently injoining Defendant from engaging in the complained of practices; and

  e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

         DONALD A. YARBROUGH, ESQ.
         Attorney for Plaintiff
         Post Office Box 11842
         Ft. Lauderdale, FL 33339

        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658